```
IN THE UNITED STATES DISTRICT COURT FOR THE
               DISTRICT OF NEBRASKA

TAMERRA F. WASHINGTON, on      )
behalf of herself and all      )
others similarly situated,     )
                               )
              Plaintiff,       )         8:15CV444
                               )
     v.                        )
                               )
BRUMBAUGH & QUANDAHL, P.C.,    )         MEMORANDUM AND ORDER
LLO., KIRK E. BRUMBAUGH, and   )
MARK QUANDAHL,                 )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on three motions. *See* Filing Nos. 19, 22, and 25. The defendants, Brumbaugh & Quandahl, P.C., LLO., Kirk E. Brumbaugh, and Mark Quandahl (hereinafter "defendants"), move to dismiss (Filing No. 19). Plaintiff Tamerra F. Washington, on behalf of herself and all others similarly situated (hereinafter "plaintiff" or "Washington"), seeks to consolidate the above-captioned case with *Birge v. Brumbaugh & Quandahl, P.C., LLO*, *Kirk E. Brumbaugh, Mark Quandahl, Sara E. Miller, and Midland Funding, LLC*, 8:13CV8 (Filing No. 22), and for an order for citation of contempt against defendants (Filing No. 25). After review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiff filed this putative class action on December 11, 2015. The complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. §§ 59-1601 *et seq.*, and a "violation of a previous court order." (Filing No. 1 at 1). Plaintiff argues defendants' actions and "routine practice" of serving interrogatories and requests for admission with instructions to *pro se* litigants that answers be "sworn" and "filed" violates the FDCPA, the NCPA, and a previous court order. *See* Filing No. 1.

Almost two years before the present suit was filed, this Court issued a Final Order and Judgment in *Birge v. Brumbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, Mark Quandahl, Sara E. Miller, and Midland Funding, LLC*, 8:13CV8. The order approved the parties' class action settlement agreement and incorporated the agreement into the final order (Filing No. 1-5). As part of the settlement agreement, the defendants to that suit agreed "that Brumbaugh & Quandahl P.C., LLO will no longer send Requests for Admission . . . indicating the recipient is to swear to the answers under oath and/or that the recipient's responses are to be filed with the court." (Filing No. 1-2 at 11). The agreement also required that in both the introduction and

discovery request itself "all written discovery served upon unrepresented [litigants would] contain language advising . . . of the deadline for responding to the discovery and where the responses should be sent." (*Id.*) Finally, the discovery would also include language "advising the recipient of the right to object to the discovery requests . . . stating that . . . objecting to all or a portion of the discovery [would] not result in judgment being entered automatically against the recipient." (*Id.*)

The present action arises from Washington's default on her car payments. Plaintiff financed a 2004 Volkswagon automobile through Credit Acceptance Corporation (Filing No. 20 at 2). On December 18, 2015, after plaintiff fell into default on the payments, defendants brought suit on behalf of Credit Acceptance Corporation in Douglas County Nebraska to collect on the debt. (*Id.* at 2-3). Plaintiff alleges that "[o]n October 1, 2015, [d]efendants served county court discovery on [p]laintiff . . . (who was not a member of the *Birge* class), which did not comply with terms of the *Birge* Settlement Order." (Filing No. 21 at 1-2). Plaintiff "acting as a *pro se* litigant, was confused and misled in violation" of the FDCPA and NCPA "by [d]efendants' discovery as [d]efendants had not made the required changes." (*Id.* at 2).

Defendants filed their motion to dismiss on January 20, 2016. Defendants' motion contends that "plaintiff is improperly asserting violation of a consent decree as a basis of her separate causes of action," and fails to state a claim upon which relief can be granted. *See* Filing No. 20 at 4, 15-21. On February 14, 2016, plaintiff filed a motion to consolidate the instant action with the closed *Birge* case (Filing No. 22). A few days later, on February 18, 2016, the plaintiff also filed a motion for an order for citation of contempt against the defendants for alleged violations under the terms of the *Birge* Final Order and Judgment (Filing No. 25).

**LAW**

**I. Motion to Dismiss Under Federal Rule of Civil Procedure 12**

A federal district court must first address "the threshold question whether [plaintiff has] alleged a case or controversy within the meaning of Art. III of the Constitution or only abstract questions not currently justiciable by a federal court." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979). "[T]he complaint must contain more than bald assertions of injury to survive a motion to dismiss . . . ." *Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir.

1994). "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires a court "to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 677-78) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Braden*, 588 F.3d at 591, 595. In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). Recitations of elements of a cause of action with mere conclusory statements fail to meet Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. However, plaintiffs may use legal conclusions to provide the framework of a complaint, so long as factual allegations support those legal conclusions. *Id.* at 678-79. Thus, a dismissal is likely "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 589 F.2d at 306.

**II. Motion to Consolidate Under Federal Rule of Civil Procedure 42**

Federal Rule of Civil Procedure 42 allows for consolidation of cases "[i]f actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a).

"Consolidation of issues and claims is committed to the discretion of the trial court." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). However, "[c]ourts are reluctant to consolidate a pending case with a case where a final judgment has been entered, unless the final judgment is first vacated." *Shelton v. MRIGlobal*, No. 11-cv-02891-PAB-MJW, 2014 WL 793464, at *2 (D. Colo. February 26, 2014). *See also Harden v. Metropolitan Life Insurance Co.*, No. 4:06-CV-236 GTE, 2007 WL 2893392, at *8 n.9 (E.D. Ark. Sept. 27, 2007) ("a closed case cannot be consolidated with an open case . . . .").

**III. Motion for Citation of Contempt Under Federal Rule of Civil Procedure 70**

Rule 70 provides means for "enforcing a judgment for a specific act." Fed. R. Civ. P. 70. Subsection (e) of Rule 70 states: "[t]he court may also hold the disobedient party in contempt." Fed. R. Civ. P. 70(e). "Civil contempt is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992). The United States Supreme Court has determined that courts ought to apply the doctrine of "'the least possible power adequate to the end proposed'" when exercising their inherit authority to hold parties in contempt. *Shillitani v. United States*, 384 U.S. 364, 371, 86 S. Ct. 1531, 16 L. Ed. 2d

622 (1966) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 231, 5 L. Ed. 242 (1821); *In re Michael*, 326 U.S. 224, 227, 66 S. Ct. 78, 90 L. Ed. 30 (1945)). Trial courts have discretion in granting or denying contempt orders. *See Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). "The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Chicago Truck Drivers*, 207 F.3d at 504 (citing *Independent Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917 (8th Cir. 1998)).

**DISCUSSION**

**I. Motion to Dismiss**

Defendants' motion to dismiss will be granted in part and denied in part. To the extent plaintiff asserts a violation of the Court's Final Order and Judgment in *Birge*, the Court finds plaintiff lacks standing to assert such a claim and therefore it will be dismissed. Plaintiff argues the Final Order and Judgment in *Birge* is not a consent decree (Filing No. 21 at 8-9). Plaintiff reasons "[n]either the recording of the settlement terms on the record nor any of the *Birge* settlement documents contemplated or in any way refer to a 'consent decree.'" (*Id.* at 9) (internal citations omitted). Plaintiff further argues "a 'consent decree' is a decision by the federal trade commission,

-8-

or other governmental agency, which is enforced via that entity." (*Id.* at 26). The Court disagrees. "A consent decree . . . embodies an agreement of the parties . . . [and] is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992) (citing *Railway Employes v. Wright*, 364 U.S. 642, 650-51, 81 S. Ct. 368, 5 L. Ed. 2d 349 (1961)). *See also Minnesota v. CMI of Kentucky, Inc.*, Civil No. 08-603 (DWF/AJB), 2009 WL 5216841, at *1 (D. Minn. Feb. 9, 2009) (discussing requirements of consent decrees). Although not specifically referred to or entitled as a consent decree, the *Birge* Final Order and Judgment contains the requisite elements of a consent decree and should and will be considered as such by the Court.

The Court's finding that the Final Order and Judgment in *Birge* is a consent decree leads to the conclusion that plaintiff lacks standing to enforce the agreement. "[A] well-settled line of authority from [the United States Supreme] Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited [sic] by it." *Blue*

*Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975) (citing *United States v. Armour & Co.*, 402 U.S. 673, 91 S. Ct. 1752, 29 L. Ed. 2d 256 (1971); *Buckeye Coal & R. Co. v. Hocking Valley Co.*, 269 U.S. 42, 46 S. Ct. 61, 70 L. Ed. 155 (1925)). Because plaintiff was not a party to the *Birge* action, plaintiff lacks standing to assert defendants' alleged violation of the *Birge* Final Order and Judgment even if the Court accepts as true her contention that she is a third-party beneficiary. Defendants' motion to dismiss will be granted with respect plaintiff's claim that defendants are in violation of a previous court order.

After a thorough review of the record, the Court will deny defendants' motion to dismiss plaintiff's FDCPA and NCPA claims. The Court finds the complaint satisfies the standard required under the federal rules with respect to those claims.

**II. Plaintiff's Motions**

Plaintiff's motion to consolidate and motion for citation of contempt will both be denied. The *Birge* action is closed. There are no matters currently pending in that case. The Court will not allow plaintiff to use the present action as a vehicle to open a case that has been closed since February of 2014. Because the Court finds that plaintiff lacks standing to assert defendants' alleged violation of the *Birge* Order and will

deny plaintiff's motion to consolidate, the motion for citation of contempt will likewise be denied.

IT IS ORDERED:

1) Defendants' motion to dismiss (Filing No. 19) is granted in part and denied in part.

2) Plaintiff's motion to consolidate (Filing No. 22) is denied.

3) Plaintiff's motion for citation of contempt (Filing No. 25) is denied.

DATED this 11th day of April, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court