IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMERRA F. WASHINGTON, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:15CV444 |
| v. | ) ) | |
| BRUMBAUGH & QUANDAHL, P.C., LLO., KIRK E. BRUMBAUGH, and MARK QUANDAHL, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motion of the defendants, Brumbaugh & Quandahl, P.C., LLO., Kirk E. Brumbaugh, and Mark Quandahl (hereinafter collectively the "defendants") to modify and for reconsideration of the Court's April 11, 2016, order (Filing No. 43). The matter has been fully briefed by the parties. *See* Filing Nos. 44, 46, and 47. After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

Tamerra Washington (hereinafter "plaintiff" or "Washington") filed this putative class action on December 11, 2015. The complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat.

§§ 59-1601 *et seq.*, and a "violation of a previous court order." (Filing No. 1 at 1). Plaintiff argues defendants' actions and "routine practice" of serving interrogatories and requests for admission with instructions to *pro se* litigants that answers be "sworn" and "filed" violates the FDCPA, the NCPA, and a previous court order. *See* Filing No. 1.

Almost two years before the present suit was filed, this Court issued a Final Order and Judgment in *Birge v. Brumbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, Mark Quandahl, Sara E. Miller, and Midland Funding, LLC*, 8:13CV8. The order approved the parties' class action settlement agreement and incorporated the agreement into the final order (Filing No. 1-5). As part of the settlement agreement, the defendants to that suit agreed "that Brumbaugh & Quandahl P.C., LLO will no longer send Requests for Admission . . . indicating the recipient is to swear to the answers under oath and/or that the recipient's responses are to be filed with the court." (Filing No. 1-2 at 11). The agreement also required that in both the introduction and discovery request itself "all written discovery served upon unrepresented [litigants would] contain language advising . . . of the deadline for responding to the discovery and where the responses should be sent." (*Id.*) Finally, the discovery would also include language "advising the recipient of the right to

-2-

object to the discovery requests . . . stating that . . . objecting to all or a portion of the discovery [would] not result in judgment being entered automatically against the recipient." (*Id.*)

The present action arises from the Washington's default on her car payments. Plaintiff financed a 2004 Volkswagon automobile through Credit Acceptance Corporation (Filing No. 20 at 2). On December 18, 2015, after plaintiff fell into default on the payments, defendants brought suit on behalf of Credit Acceptance Corporation in Douglas County Nebraska to collect on the debt. (*Id.* at 2-3). Plaintiff alleges that "[o]n October 1, 2015, [d]efendants served county court discovery on [p]laintiff . . . (who was not a member of the *Birge* class), which did not comply with terms of the *Birge* Settlement Order." (Filing No. 21 at 1-2). Plaintiff "acting as a *pro se* litigant, was confused and misled in violation" of the FDCPA and NCPA "by [d]efendants' discovery as [d]efendants had not made the required changes." (*Id.* at 2).

Defendants filed their motion to dismiss on January 20, 2016 (Filing No. 19). On April 11, 2016, the Court granted in part and denied in part defendants' motion to dismiss (Filing No. 33). The Court's April 11, 2016, order denied the plaintiff's motion to consolidate the present case with the closed *Birge*

-3-

case, denied plaintiff's motion for an order for citation of contempt against defendants, and found that the plaintiff lacked standing to assert a violation of the Court's final order and judgment in *Birge* (*Id.* at 8-11).  However, the Court found that plaintiff's FDCPA and NCPA claims should stand (*Id.* at 10). Defendants' present motion requests "the Court [to] reconsider or modify its Order to compel [p]laintiff to remove any reference to the previous *Birge* action."  (Filing No. 43 at 2).

**LAW**

Rule 54(b) provides: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Generally, a court may amend or reconsider any ruling under Rule 54(b) to correct any "'clearly' or 'manifestly' erroneous findings of facts or conclusions of law."  *Allstate Ins. Co. v. Weber*, No. 1:05cv00039, 2007 WL 1427598, at *2 (E.D. Ark. May 11, 2007) (quoting *Doctor John's, Inc. v. City of Sioux City, Iowa*, 456 F. Supp. 2d 1074, 1075 (N.D. Iowa 2006)).  District courts have substantial discretion in deciding whether to reconsider an interlocutory order under Rule 54(b).  *Wells' Dairy Inc. v.*

*Travelers Indem. Co. of Ill.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).

**DISCUSSION**

The parties disagree over the meaning of the Court's ruling in the April 11, 2016, order. *Compare* Filing No. 44 at 4 (interpreting the Court's April 11, 2016, order as deciding that "the [p]laintiff cannot reference this Court's prior *Birge* consent decree in this matter.") *with* Filing No. 46 at 1-2 (contending "[w]hile the Court ruled that violation of the *Birge* Order does not independently form the basis of an FDCPA violation, the *Birge* Order is relevant to key aspects of [plaintiff's] FDCPA case and she ought to be allowed to stand on her [c]omplaint."). Based on the language and intent of the Court's April 11, 2016, order, the Court's discretion under Rule 54(b), and the parties' subsequent actions, the Court finds that defendants' motion should be granted. The Court will bar plaintiff from referencing *Birge* in her complaint, any exhibits attached thereto, and/or in and throughout discovery.

Other motions are currently pending before the Court. *See* Filing Nos. 53 and 59. Plaintiff seeks to amend her complaint (Filing No. 59) and defendants seek to quash a notice to take a deposition (Filing No. 53). In accordance with this memorandum opinion, the Court will grant plaintiff's motion to

amend (Filing No. 59). The Court will require plaintiff to strike any and all references to *Birge* but will allow plaintiff to make the other changes provided in the amended complaint (Filing No. 59-1). Furthermore, the Court will deny defendants' motion to quash (Filing No. 53) as moot as this order provides the parties the required guidance to move forward. Accordingly,

IT IS ORDERED:

1) Defendants' motion to modify and for reconsideration of the April 11, 2016, order is granted.

2) Plaintiff's motion to amend is granted.

3) Plaintiff's amended complaint and any exhibits and/or attachments thereto will remove any and all references to *Birge v. Burmbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, Mark Quandahl, Sara E. Miller, and Midland Funding, LLC*, 8:13CV8.

4) Plaintiff is barred from seeking to discover matters involving *Birge*.

5) Defendants' motion to quash notice to take deposition is denied as moot.

6) Plaintiff shall have until September 22, 2016, to file her amended complaint.

DATED this 9th day of September, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court